## Commonwealth v. Howell

*Robert Lipshutz,* for plaintiff.
*Michael Hanford,* for defendant.

CHALFIN, *J.,* February 24, 1976 — This case raises, for the first time to our knowledge, the question of the constitutionality of section 2706 of the new Crimes Code, Act of December 6, 1972, P.L. 1068 (No. 334), 18 Pa. C.S.A. §2706, Terroristic Threats.

Defendant was indicted on a number of charges including recklessly endangering and terroristi threats (Nov. 1975 #2763) and assault (#2764) He was tried before this court sitting without a jury on January 14 and January 16, 1976. Demurrer was sustained to the indictment charging

recklessly endangering and terroristic threats, and defendant was convicted on the charge of assault.

The relevant evidence on this charge was simply that on November 5, 1975 at 10:00 p.m. defendant came to visit his former girlfriend, Loreen Porter, who was then entertaining another suitor, one Joseph Patterson, that defendant assaulted Patterson and told him that "I'm going to get you."

The demurrer to the charge of terroristic threats was sustained on the grounds that the Act of December 6, 1972, P.L. 1068 (No. 334), sec. 1, 18 Pa. C.S.A. §2706, establishing the new crime of terroristic threats is unconstitutionally vague on its face. Although no appeal has been taken in this case, we are writing this opinion to make known to the legislature and the legal community what we believe to be another of the constitutional infirmities of the new Crimes Code.[1]

---

1. Other sections of the Crimes Code which have been declared unconstitutional for vagueness include:

§3302(b), Risking Catastrophe. Commonwealth v. Hughes, August Term, 1973, No. 1408, Philadelphia County, Court of Common Pleas — Trial Division, Anderson, J.

§5901, Open Lewdness. Commonwealth v. Heinbaugh, No. 108A January 1974, Allegheny County Court of Common Pleas — Criminal Division.

§5901, Open Lewdness. Commonwealth v. Carbaugh, No. CC-265-75, Adams County Court of Common Pleas — Criminal, MacPhail, P.J.

§5903(a), Obscenity. Commonwealth v. MacDonald, 464 Pa. 435, 347 A. 2d 290 (1975).

See also this court's opinion in Commonwealth v. Watson, No. 289, January Term, 1974, holding §3903, Grading of Theft Offenses, unconstitutional because it relieved the Commonwealth of its burden of establishing every element of an offense beyond a reasonable doubt and denied the defendant the presumption of innocence, and because of the vagueness of the measure of determining value. This section was amended, June 17, 1974, P.L. 390 (No. 118).

The United States Supreme Court has recently explained the reason that vagueness in a criminal statute offends due process:

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute 'abut[s] upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of [those] freedoms.' Uncertain meanings inevitably lead citizens to ' "steer far wider of the unlawful zone" . . . than if the boundaries of the forbidden areas were clearly marked.' " Grayned v. City of Rockford, 408 U.S. 104, 108-9 (1972). See, Rose v. Locke, 423 U.S. 48, 46 L. Ed. 2d 185, 188 (1975), and Commonwealth v. MacDonald, 464 Pa. 435, 347 A. 2d 290 (1975).

The court has also noted that "where a statute's literal scope, unaided by a narrowing state court interpretation, is capable of reaching expression sheltered by the First Amendment, the doctrine [of void-for-vagueness] demands a greater degree of

specificity than in other contexts." Smith v. Goguen, 415 U.S. 566, 573 (1974). See Commonwealth v. Blumenstein, 396 Pa. 417, 153 A. 2d 227 (1959); Smith v. California, 361 U.S. 147 (1959).

Section 2706 has yet to be subjected to constitutional scrutiny by a court of record within this Commonwealth.[2] Therefore no narrowing interpretation has been applied to this section. Further, there was no similar provision within the 1939 Penal Code, which antedated the present Crimes Code, and thus there is no prior definition that might cure this section's vagueness. Especially in a situation such as this, were the legislature has created "an offense which was not a crime at common law, a penal statute must lay down a reasonably ascertainable standard of guilt; it must be sufficiently explicit to enable a citizen to ascertain with a fair degree of precision what acts it intends to prohibit, and therefore what conduct on his part will render him liable to its penalties." Commonwealth v. Zasloff, 338 Pa. 457, 464, 13 A. 2d 67 (1940).

Based on these stringent criteria, we must now consider this statute:

"§2706 Terroristic Threats

"A person is guilty of a misemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another or to cause

_____

2. In the only reported opinion concerning section 2706, Commonwealth v. White, 232 Pa. Superior Ct. 176, 335 A. 2d 436 (1975), the Superior Court upheld a conviction for terroristic threats on the specific facts of the case. Appellant in White contended only that there was insufficient evidence to establish the requisite intent to terrorize, and made no constitutional challenge to the validity of the section. The Superior Court therefore did not consider the constitutional questions raised here.

evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience."

As noted above, this section creates a new offense not proscribed previously in Pennsylvania. It is derived from section 211.3 of the Model Penal Code, and is in all relevant respects identical to it. We therefore turn to the commentary of the Model Penal Code to attempt to glean the meaning of this section. Of special interest is some hint as to what is intended to be included as a "serious public inconvenience." It is this phrase in particular which seems to us so vague as to make void the entire section.

Section 211.3 of the proposed official draft of the Model Penal Code refers the reader back to tentative draft no. 11 for explanatory comments concerning this section. Section 211.3 of tentative draft no. 11 is a broader section, dealing with both terroristic threats and other coercion treated separately in the proposed official draft (and not enacted into the Crimes Code). Curiously, tentative draft no. 11 contains no reference to "serious public inconvenience" within its provisions. However, the comment in that draft does give one example of "serious public alarm or inconvenience," i.e., anonymous telephone calls threatening to bomb a theater or airplane.

It appears that such calls are easily included within the provision concerning threats "to commit any crime of violence with intent to . . . cause evacuation of a building, place of assembly, or facility of public transportation." The additional clause penalizing threats which in the eyes of policemen, judges, or juries are intended to cause

"serious public inconvenience" opens this section to exactly that abuse which is forbidden by the due process clause of the fifth amendment of the Constitution of the United States, as applied to the states by the 14th amendment. Enforcement of this section without a clear and explicit definition of what is proscribed can only result in arbitrary and discriminatory enforcement. "[T]o attempt to enforce the section would be the exact equivalent of an effort to carry out a statute which in terms merely penalized and punished all acts detrimental to the public interest when unjust and unreasonable in the estimation of the courts and jury." United States v. L. Cohen Grocery Co., 255 U.S. 81, 89 (1921).

A citizen would be without fair notice and warning of what is to be punished, and would be forced "at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what that State commands or forbids." Lanzetta v. New Jersey, 306 U.S. 451, 453 (1939). Section 2706 fails to so inform on its face, and neither court interpretation nor legislative history supplies the missing definition. This section is therefore held to be unconstitutional on its face; thus a demurrer was sustained to the indictment.