Commonwealth *v.* White, Appellant.

178

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Anne F. Johnson* and *John W. Packel*, Assistant Defenders, and *Vincent J. Ziccardi*, Defender, for appellant.

*Frank X. Froncek, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., February 27, 1975:

This is an appeal from the judgment of sentence imposed by the court below. The appellant, George White, was found guilty in a non-jury trial of conduct which corrupted or tended to corrupt the morals of a minor, attempted indecent assault, and terroristic threats. He was acquitted on indictments charging attempted rape and attempted statutory rape. Post-trial motions were argued and denied, whereupon the appellant was sentenced to three years psychiatric probation for the offense of corrupting the morals of a minor. A concurrent sentence of two years psychiatric probation was imposed on the conviction of attempted indecent assault. Sentence was suspended on the bill charging terroristic threats. This appeal followed.

At trial the complainant, Walesca Rodriquez, an eight-year-old girl, testified that in July of 1973, she was playing outside her home located in Philadelphia, when a man, who she later identified as the appellant,

came over to her and placed his hand over her mouth and shined a flashlight on her face. The child further testified that the appellant carried her to the back of an abandoned house located on the same block as her own home. Once inside, the appellant told the girl he was going to grab her. The child then testified that the appellant held her against a wall by her shoulders and proceeded to pull her skirt up approximately six inches when she suddenly saw a neighbor, Edwin Negron, passing a window. The child called out to Mr. Negron that the appellant wanted to kill her. At this point, the appellant left the child alone and fled the house with Mr. Negron unsuccessfully giving chase.

The appellant testified that on the night of the incident, he was using his flashlight in search of his dog in the vicinity of the abandoned house. Appellant further testified that as he was leaving the old house Mr. Negron confronted him and asked him what he was doing. When Mr. Negron advanced towards him the appellant fled. The appellant also testified that he never touched the complainant, nor was she with him when he entered the old house. The appellant called four witnesses to testify in his behalf. In essence, these witnesses testified to the effect that the defendant told them he was going to look for his dog on the night in question.

With respect to his conviction for attempted indecent assault, appellant contends that in the first instance, the evidence was insufficient to constitute the crime and, in any event, since he was specifically indicted for indecent assault he could not be convicted of *attempted* indecent assault. We do not agree with either contention.

The recently enacted Pennsylvania Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa. C.S. § 101 et seq., controls the disposition of this appeal since the alleged offenses occurred sub-

sequent to June 6, 1973. The crime of indecent assault is defined in § 3126 of Title 18 as follows: "A person who has indecent contact with another not his spouse, or causes such other person to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if: (1) he knows that the contact is offensive to the other person; . . ." "Indecent contact" is defined as: "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa. C.S. § 3101 (1973). An accused is guilty of attempt when, "with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa. C.S. § 901 (1973). Application of the above statutes to the facts at bar, i.e., the appellant's act of carrying the complainant to the back of an abandoned house; holding her shoulders, threatening to grab her, and lifting her skirt up approximately six inches, all of which occurred against the complainant's will, demonstrates that the appellant had the requisite intent to commit, at the minimum, an indecent assault and, furthermore, had taken substantial steps towards the completion of the reprehensible act.

Appellant concedes that under the Act of June 24, 1939, P.L. 872, § 1107, 18 P.S. § 5107, a conviction for an attempt upon an indictment charging a substantive crime would have been proper. Appellant argues, however, that since 18 P.S. § 5107 has been repealed by the new Crimes Code, his conviction for attempted indecent assault cannot stand. We reject this argument for several reasons. Initially, appellant's argument fails because 18 Pa. C.S. § 905 specifically provides, inter alia, that the punishment for attempt shall be of the same grade and degree as the most serious offense which is attempted. In addition neither the Crimes Code nor the Pennsylvania Rules of Criminal Procedure contain

any provision requiring a conviction of the substantive offense, as distinguished from the attempt, when the indictment charges the actual offense. Furthermore, when appellant was convicted of attempted indecent assault, he was necessarily convicted of a crime which is an integral part of the substantive crime of indecent assault, since the consummated act of indecent assault cannot exist without first the attempt to commit an indecent assault. Therefore, appellant could not seriously claim that he was caught by surprise, insomuch as his defense against the charge of indecent assault also constituted a defense against the attempt to commit such an act. For all of the foregoing reasons we hold that the appellant was properly convicted of attempted indecent assault.

Appellant next maintains that his conduct did not constitute the crime of corrupting or tending to corrupt the morals of a minor. The relevant statute, 18 Pa. C.S. § 3125, provides in pertinent part: "(a) Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of 18 years, or who aids, abets, entices or encourages any such child in the commission of any crime, or who knowingly assists or encourages such child in violating his or her parole or any order of court, is guilty of a misdemeanor of the second degree."[1] Parenthetically, we note at the outset that this section re-enacts verbatim the prior statute,[2] which prohibited conduct that corrupted or tended to corrupt the morals of a minor,

---

[1] This section was amended on November 28, 1973, P.L. 341, No. 117, effective January 28, 1974. The amendment increased the grading of the offense to a misdemeanor of the first degree. At the time of appellant's trial, however, conviction under this section constituted a misdemeanor of the second degree.

[2] Act of June 24, 1939, P.L. 872, § 532, added June 3, 1953, P.L. 277, § 1, as amended, July 25, 1961, P.L. 848, § 1, 18 P.S. § 4532.

with the exception of the degree of punishment prescribed.

In *Commonwealth v. Meszaros,* 194 Pa. Superior Ct. 462, 465 (1961), this Court, speaking through Judge ERVIN, stated: " 'Tending to corrupt' like 'contributing to delinquency,' is a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage or to continue conduct of the child which would amount to delinquent conduct." (citations omitted.) Judge ERVIN further observed that: "The terms of the proscription are clear; no adult may with impunity engage in conduct with a minor which has the effect of corrupting the morals of the child. . . ." 194 Pa. Superior Ct. at 464. In *Commonwealth v. Randall,* 183 Pa. Superior Ct. 603 (1957), cert. denied, 355 U.S. 954 (1958), this Court held that the former statute (18 P.S. § 4532) was not void for vagueness. Judge ERVIN, again speaking for the Court, there stated: "The common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain is sufficient to apply the statute to each particular case, and to individuate what particular conduct is rendered criminal by it." 183 Pa. Superior Ct. at 611. We are convinced that the instant appellant's actions sufficiently constituted the proscribed conduct.

Appellant finally contends that the evidence was insufficient as a matter of law to constitute the crime of terroristic threats.

The crime of terroristic threats is proscribed by 18 Pa. C.S. § 2706, wherein it is stated that: "A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or

inconvenience." Thus, the Commonwealth must prove that a threat to commit a crime of violence was made, and that such threat was communicated with an intent to terrorize.

In the instant case, we hold that the totality of the appellant's conduct, namely, carrying the young girl into an abandoned house, holding her by the shoulders, telling her he was going to grab her, and raising her skirt, constituted a threat to commit the crime of rape. The fact that the appellant was acquitted on the charges of attempted rape and statutory rape is of no consequence, because the proscribed conduct is the threat itself not the actual commission of the threatened crime.

In order to resolve appellant's contention that there was insufficient evidence to establish the requisite intent to terrorize, we turn our attention to 18 Pa. C.S. § 302, which articulates the general mens rea requirements for the establishment of responsibility for one's act.[3]  This section provides in pertinent part as follows: "(1) A person acts intentionally with respect to a material element of an offense when: (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist." Application of this section on culpability to the material element of intent to terrorize, requires the Commonwealth to establish that it was the conscious object of the appellant to engage in conduct of that nature.  It is well settled that this necessary criminal intent may be inferred from facts and circumstances which are of such a nature as to prove a defendant's guilt beyond a reasonable doubt.

---

[3] See also Model Penal Code, Comment 7, No. 4 at p. 123.

*Commonwealth v. McSorley,* 189 Pa. Superior Ct. 223 (1959). The trial court properly determined that appellant's intent to terrorize was proved beyond a reasonable doubt in view of his actions toward complainant. In light of the facts and circumstances present in the instant case, there was sufficient evidence to convict the appellant for the crime of terroristic threats.

Although we have concluded that appellant's substantive contentions are without merit, our review has, however, revealed an error with respect to one of the sentences the appellant received. As noted earlier,[4] at the time of appellant's trial and sentencing a violation of 18 Pa. C.S. § 3125 (corruption of minors) constituted a misdemeanor of the second degree. The maximum sentence for conviction of a misdemeanor of the second degree is two years.[5] The lower court, however, imposed a sentence of three years psychiatric probation upon the appellant for this offense (Bill No. 389, August Sessions 1973). We shall therefore use our inherent power to amend, and correct the sentence to provide that appellant be sentenced to two years psychiatric probation on Bill No. 389, August Sessions 1973. *Commonwealth v. Lovett,* 218 Pa. Superior Ct. 201 (1971); *Commonwealth v. Phillips,* 215 Pa. Superior Ct. 5 (1969).

The judgments of sentence on the charges of attempted indecent assault are affirmed; and as amended, the judgment of sentence on the charge of corrupting or tending to corrupt the morals of a minor is also affirmed.

---

[4] See note 1 supra.

[5] 18 Pa. C.S. § 1104.