407 A.2d 1328

**COMMONWEALTH of Pennsylvania**

v.

**Odell ASHFORD, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Decided July 27, 1979.

226

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

PRICE, Judge:

At the completion of trial by jury on May 20, 1977, appellant was found guilty of the offense of terroristic threats.[1] Following denial of his motions in arrest of judgment and for a new trial, he brought the instant appeal challenging the sufficiency of the evidence and the constitutionality of section 2706. Finding both that the evidence was sufficient to support the conviction, and that appellant has not preserved the issue regarding the constitutionality of the statute, we affirm the judgment of sentence of the trial court.

The facts pertinent to appellant's insufficiency claim are as follows. During the evening of March 8, 1977, Officers Charles Hogan and Steven White of the Lancaster police department were on routine patrol in that city. Upon entering a bar as part of their patrol, they observed appellant. Officer White recalled that an outstanding warrant might have been pending against appellant and the officers contacted headquarters requesting a check on the warrant. In the meantime, appellant had left the bar and started to drive away with several of his friends. The officers followed in their own vehicle; after a few blocks the confirmation was received that appellant was wanted on an outstanding charge for disorderly conduct. The vehicle in which appellant was riding was stopped, and the officers attempted to place him under arrest. Appellant emphatically asserted that he had paid the fine on the disorderly conduct charge and that he was not going to accompany the officers

1. 18 Pa.C.S. § 2706.

to the police station. When the officers persisted that appellant accompany them, appellant began cursing at the officers. After additional coaxing, appellant was hand-cuffed and placed in the police car. Upon entering the police car, appellant began threatening the officers, claiming that he was going to kill them. He stated that he now "had a very good attorney, that he could go anywhere in this county and do anything that he wished to do, and we couldn't touch him, that he would hunt us down on duty, or off duty, kill us, and our families, and we couldn't do a thing to stop him." Appellant then made an effort to observe the name plates worn by the officers and began repeating the threats using their first names. Appellant continued to repeat his threats at least twenty times during the ride to the police station and during the "booking". Both officers testified that they had been threatened on other occasions during the course of their police work. Most such incidents, however, involved defendants who were intoxicated and their threats could be dismissed as mere bragging. The officers stated that in this instance, appellant was not intox-icated, and that they had never been threatened in a manner whereby the arrestee expressed an intent to "hunt" them down and kill their families. As Officer Hogan testified,

"When a man says he is going to hunt you down, it's a difficult matter to defend yourself from, and especially when he talks about your families, because it is hard to guard your family all the time when you are working and you are somewhere else." (N.T. 12).

Both officers stated that they were genuinely concerned when appellant would be released on bail and whether he would attempt to fulfill his threat.

Under 18 Pa.C.S. § 2706, a person commits the crime of terroristic threats.

"*if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transpor-tation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience.*" (Emphasis added).

For the purposes of the instant appeal, the required elements of the offense are: "(1) a threat to commit a crime of violence, and (2) that such threat was communicated with an intent to terrorize." *Commonwealth v. Holguin*, 254 Pa.Super. 295, 305, 385 A.2d 1346, 1351 (1978) (footnote omitted). *See Commonwealth v. White*, 232 Pa.Super. 176, 335 A.2d 436 (1975). The commentary to § 211.3 of the Model Penal Code, from which 18 Pa.C.S. § 2706 is derived, defines the type of conduct that is covered by this offense:

"In drafting legislation penalizing threats, we would not wish to authorize grave sanctions against the kind of verbal threat which expresses transitory anger rather than settled purpose to carry out the threat or to terrorize the other person . . . . For example, persistent telephone threats or even a single verbal threat might be made in such terms or circumstances as to support the inference that the actor intended to terrorize or coerce." Model Penal Code, § 211.3, Tent. Draft No. 11 at 9 (1960).

■ Appellant concedes that he threatened to perpetrate a crime of violence. His only contention is that the evidence was insufficient to establish beyond a reasonable doubt that the threat was made with an intent to terrorize. In making this determination, we are guided by 18 Pa.C.S. § 302(b)(1) which provides that:

"(1) A person acts intentionally with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist."

In determining whether appellant made the threats with the requisite intent, we must view the evidence in the light most favorable to the Commonwealth as verdict winner, *see, e. g., Commonwealth v. Holmes*, 482 Pa. 97, 393 A.2d 397 (1978), and may view the "facts and circumstances" under which

those threats were made. *Commonwealth v. White, supra,* 232 Pa.Super. at 184, 335 A.2d at 440 (1975).

■ Viewing the evidence in this light, the salient facts are that appellant made repeated threats on the lives of the officers during the entire trip to the police station; he threatened to "hunt" the officers down and that they would never know when he would strike; he threatened to kill the members of their families and that they would not be safe while the officers were at work. To emphasize the seriousness of his threats, appellant scrutinized the name tags worn by the officers to learn their identity and bragged about the ease with which he would soon be released from custody. Finally, his threats were punctuated with profane and abusive language, all of which carried the import of a serious assassin not the braggadocio of an intoxicated bully. In short, we find ample evidence to support the jury's conclusion that appellant made the threats with the requisite intent to terrorize, and that his threats were more than "mere spur-of-the-moment threats which result[ed] from anger." Comment, Joint State Gov't Comm'n (1967), *quoted in* Toll, Pennsylvania Crimes Code Annotated, 331 (1974).

■ Appellant contends, however, that because he was handcuffed and did not possess the means to immediately carry out his threats, the offense was not established. The fallacy in this argument is that § 2706 does not require the present ability to inflict harm as an element of that offense.[2] *See Commonwealth v. Holguin, supra.* While we have affirmed several convictions for terroristic threats when the defendant possessed the ability to inflict harm coupled with the threat of such harm, *see Commonwealth v. Campbell,* 244 Pa.Super. 505, 368 A.2d 1299 (1976); *Commonwealth v. White, supra* ; *cf. Commonwealth v. Willie,* 246 Pa.Super.

**2.** We note that appellant's claim is analogous to the common law rule relating to assault, which required an actual present ability to inflict harm as an element of the offense. This requirement is now an element of the offense of reckless endangerment (18 Pa.C.S. § 2705) while the statutory offense of assault (18 Pa.C.S. § 2701) requires only an apparent ability to place the victim in fear of "imminent serious bodily injury." *See Commonwealth v. Trowbridge,* 261 Pa.Super. 109, 395 A.2d 1337 (1978).

400, 371 A.2d 899 (1977) (rev'd on other grounds), the present ability to inflict such harm is not the *sine que non* of a conviction under 18 Pa.C.S. § 2706. In *Commonwealth v. Holguin, supra,* we sustained a conviction when, *inter alia,* the defendant threatened various patrons in a bar and exclaimed upon leaving, "We will be back with more guns." *Id.* 254 Pa.Super. at 299, 385 A.2d at 1348. Section 2706, therefore, encompasses threats of both present and future harm if perpetrated with the intent to terrorize the victims. Appellant's threats to extract vengeance in futuro were sufficient to establish the offense of terroristic threats.

■ Appellant's final contention is that 18 Pa.C.S. § 2706 is unconstitutionally vague. Because this claim was not presented in the lower court either before the trial or in post-trial motions, it has not been preserved and cannot be raised for the first time on appeal.[3] *See, e. g., Commonwealth v. Warren,* 475 Pa. 31, 379 A.2d 561 (1977); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

The judgment of sentence is affirmed.

SPAETH, J., concurs in the result.

---

**3.** Further, we add as a word of caution, that there has not been compliance with Pa.R.A.P. 521(a). In future criminal appeals we will require compliance before considering any question of constitutionality.