423 A.2d 423

**COMMONWEALTH of Pennsylvania**

v.

**Richard T. FERRER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed Dec. 12, 1980.

22

Franklin D. Green, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

In a non–jury trial, appellant was convicted of terroristic threats, 18 Pa.C.S. § 2706. Post–verdict motions were filed and denied. The only issue raised is the sufficiency of the evidence.

Appellant's conviction for terroristic threats was based on his conduct during another criminal proceeding against him. In that proceeding, a police detective's testimony included the reading of an incriminating statement which the detective said appellant had given. As the detective was leaving the witness stand, appellant shouted something at him. The court stenographer in that case appeared as a witness in this case, and testified that he had taken down what the appellant said as, "That confession is going to cost you one of your fuckin kids, punk." Several other Commonwealth witnesses gave slightly varying accounts of what appellant has said, but all were to the same general effect as the court stenographer's recorded version.[1] Appellant testified on his own behalf that he had told the detective, "The lying confession was going to cost him and his kids."

A person commits the crime of terroristic threats "if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience." 18 Pa.C.S. § 2706. For purposes of this appeal, the elements of the offense involved here are: (1) a threat to commit a crime of violence; and (2) that the threat was communicated with the intent to terrorize or with reckless disregard of the risk of causing such terror.[2] *Cf. Commonwealth v. Ashford*, 268 Pa.Super. 225, 228, 407 A.2d 1328, 1329 (1979).

---

1. The detective testified that appellant had said, "That confession is going to cost you and one of your fuckin kids." The assistant district attorney's testimony was, "[Appellant] said something to the effect of I am going to get you for that statement; I am going to get one of your fuckin kids for it, something to that effect." The deputy sheriff testified appellant had told the detective, "I will get your kids; watch your kids."

2. As noted in *Commonwealth v. Holguin*, 254 Pa.Super. 295, 305, n. 11, 385 A.2d 1346, 1351, n. 11 (1978), 18 Pa.C.S. § 2706 lists several ways the scienter requirement can be met other than by an intent to terrorize. The information charging appellant with terroristic threats listed all these ways, but the only two supported by any evidence

 Appellant's principal contention is that the evidence does not show that he threatened to commit any crime of violence. The legislature has not specifically defined the phrase "crime of violence" as used in 18 Pa.C.S. § 2706. Interpretation of this phrase is therefore governed by section 105 of the Crimes Code, which states in relevant part: "The provisions of this title shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title and the special purposes of the particular provision involved." 18 Pa.C.S. § 105. Certainly murder would be within the "fair import" of the phrase "crime of violence" in section 2706.[3] Moreover, even if we considered the phrase susceptible of differing constructions, inclusion of murder as a "crime of violence" is in accord with the general purposes of the Crimes Code stated in section 104,[4] as well as the special

were the intent to terrorize and reckless disregard for the risk of causing such terror.

**3.** Murder is listed in the Crimes Code definition of "crime of violence" in 18 Pa.C.S. § 6102. While this definition is specifically made applicable only to the Pennsylvania Uniform Firearms Act, 18 Pa.C.S. §§ 6101 *et seq.*, it provides a useful guide by listing the crimes the legislature intended to include in the identical phrase used in an analogous context. We note that rape is also among the crimes listed in section 6102, and rape has also been held to be a "crime of violence" as the term is used in section 2706. *Commonwealth v. Holguin, supra*, 254 Pa.Super. at 305, 385 A.2d at 1351; *Commonwealth v. White*, 232 Pa.Super. 176, 184, 335 A.2d 436, 439 (1975).

**4.** The general purposes of this title are:
(1) To forbid and prevent conduct that unjustifiably inflicts or threatens substantial harm to individual or public interest.
(2) To safeguard conduct that is without fault from condemnation as criminal.
(3) To safeguard offenders against excessive, disproportionate or arbitrary punishment.
(4) To give fair warning of the nature of the conduct declared to constitute an offense, and of the sentences that may be imposed on conviction of an offense.
(5) To differentiate on reasonable grounds between serious and minor offenses, and to differentiate among offenders with a view to a just individualization in their treatment.
18 Pa.C.S. § 104.

purpose of section 2706, which "is to impose criminal liability on persons who make threats which *seriously impair personal security* or public convenience." *Commonwealth v. Sullivan,* 269 Pa.Super. 279, 281, 409 A.2d 888, 889 (1979), *quoting* Pennsylvania Joint State Government Commission Comment (emphasis supplied). Appellant's shouting at the detective that his testimony would cost him one of his kids plainly supports an inference beyond a reasonable doubt that appellant threatened to murder one of the detective's children, thus threatening to commit a crime of violence.[5]

While appellant's brief makes no specific argument concerning the scienter requirement for terroristic threats, it appears to raise a general claim of insufficiency of evidence. We have therefore reviewed the evidence with respect to this element also, and we find it sufficient to establish either of the possible alternatives in this case, an intent to terrorize or reckless disregard of the risk of causing terror. The threat made here was of the same nature as the threats found sufficient to establish an intent to terrorize beyond a reasonable doubt in *Commonwealth v. Ashford, supra,* 268 Pa.Super. at 230, 407 A.2d at 1330. The threats in that case were repeated, whereas here there was only one, but "even a single verbal threat might be made in such terms or circumstances as to support the inference that the actor intended to terrorize or coerce." *Commonwealth v. Ashford, supra,* 268 Pa.Super. at 229, 407 A.2d at 1329, *quoting* Model Penal Code, § 211.3, Tent. Draft No. 11 at 9 (1960) (section on which 18 Pa.C.S. § 2706 is based). Though there was only one threat in this case, the nature of the threat and surrounding circumstances sufficiently establish appellant's set-

5. The versions of what appellant has said given by other Commonwealth witnesses, *see* note 1, *supra,* as well as appellant's own version ("The lying confession was going to cost him and his kids."), when read in the light most favorable to the Commonwealth as verdict winner, would also each support an inference beyond a reasonable doubt that appellant had threatened to commit an aggravated assault against the detective, his children, or both. Aggravated assault is also within the "fair import" of the phrase "crime of violence," as well as being one of the listed crimes in the definition of the phrase for purposes of the Pennsylvania Uniform Firearms Act in 18 Pa.C.S. § 6102. *See* note 3, *supra.*

tled purpose to terrorize, as distinct from a spur–of–the moment threat resulting from transitory anger. *See Commonwealth v. Sullivan, supra; see also Commonwealth v. Musselman,* 483 Pa. 245, 253, 396 A.2d 625, 629 (1979) (plurality opinion distinguishing situation in which there is no evidence of any threat from situation in which there is single threat, and overturning conviction only for the former). Here all elements of the crime were made out beyond a reasonable doubt.

Judgment of sentence affirmed.