636 A.2d 671

**In re Larry M. MALONEY.**

**Appeal of Larry M. MALONEY.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1993.

Filed Jan. 27, 1994.

322

Gregory T. Moro, Bloomsburg, for appellant.

Before ROWLEY, President Judge, and WIEAND and BROSKY, JJ.

WIEAND, Judge.

Larry M. Maloney sought to file a private criminal complaint, pursuant to Pa.R.Crim.P. 133, against Dr. Mark Pyles, charging Pyles with aggravated assault, simple assault, recklessly endangering another person and making a terroristic

threat. The District Attorney of Columbia County refused to approve Maloney's complaint. In support of his action, the District Attorney cited insufficient evidence, insufficient probable cause and insufficient corroboration. Maloney then petitioned the Court of Common Pleas of Columbia County to approve a private criminal complaint. The court, after hearing, entered an order affirming the District Attorney's dismissal of Maloney's private criminal complaint. This appeal followed.

The charges which appellant wanted to bring against Dr. Pyles arose from an incident which had occurred at or about 2:55 p.m. on October 24, 1992. As appellant and a friend were driving north on Route 93 in Briar Creek Township, Columbia County, appellant observed a vehicle following him at a distance which he deemed inadequate. After the following car had remained close for the next mile and a half, appellant stopped his vehicle in the middle of the highway and, while blocking traffic, got out of the car and approached the following vehicle, with hands in the air and shouting, "What the hell is the problem?" Dr. Pyles, the driver of the following vehicle, pointed a gun at appellant through the windshield of his car and said, "Get the fuck out of here." Appellant thereupon returned to his car. When Dr. Pyles passed his vehicle, appellant followed and obtained the number of the license plate. Both state and township police, upon being told of the incident, declined to file charges.

Approval of private criminal complaints is required by Pa. R.Crim.P. 133, which provides as follows:

(a) When the affiant is not a law enforcement officer and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.

(b) If the attorney for the Commonwealth

(1) Approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) Disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a Court of Common Pleas for approval or disapproval;

(3) Does not approve or disapprove within a reasonable period of time, the affiant may file the complaint on a separate form with the issuing authority, noting thereon that a complaint is pending before an attorney for the Commonwealth. The issuing authority shall determine whether a reasonable period has elapsed, and, when appropriate, shall defer action to allow the attorney for the Commonwealth an additional period of time to respond.

Regarding this rule, the Superior Court has observed:

In determining whether to approve or disapprove a private criminal complaint, the district attorney may rely on either a legal assessment of the complaint, or wholly discretionary matters of policy. *Commonwealth v. Benz*, 523 Pa. 203, 565 A.2d 764 (1989). When the district attorney rests the disapproval of a private criminal complaint on wholly discretionary matters of policy, this Court will not disturb that determination, absent a gross abuse of discretion. *Commonwealth v. Pritchard*, 408 Pa.Super. 221, 596 A.2d 827 (1991). *See also In Re Wood*, 333 Pa.Super. 597, 602, 482 A.2d 1033, 1036 (1985) (quoting *Commonwealth v. Eisemann*, 276 Pa.Super. 543, 419 A.2d 591 (1980)) (prosecutorial discretion may depend on policy matters wholly apart from the existence or non-existence of probable cause; courts are wary of supervising exercise of such discretion). When the district attorney bases a dismissal solely on a lack of evidence, however, this Court will apply a *de novo* standard of review because such a decision is not entitled to the same deference afforded a policy decision not to prosecute, even where a *prima facie* case exists. *Commonwealth v. Benz, supra* [523 Pa.] at 208 n. 4, 565 A.2d at 767 n. 4.

The special deference extended to a policy decision not to prosecute arises from the deference accorded the discretionary use of executive powers conferred in the district attorney. *Id.* The power to approve or disapprove private criminal complaints granted under Pa.R.Crim.P. 133 to the district attorney is consistent with the authority which that office regularly exercises in deciding to initiate or discontinue prosecutions. *In re Petition of Piscanio*, 235 Pa.Super. 490, 494, 344 A.2d 658, 660 (1975).

*Commonwealth v. Jury*, 431 Pa.Super. 129, 136, 636 A.2d 164, 168 (1993).

 The complaint which appellant submitted for approval contained the following affidavit of probable cause:

OCTOBER 24, 1992—APPROXIMATELY 2:55 P.M.

I WAS DRIVING NORTH ON ROUTE 93 IN BRIAR CREEK TOWNSHIP WHEN I NOTICED A CAR TAILGATING ME. THIS CONTINUED FOR APPROXIMATELY 2 MILES. I THEN BRAKED & SLOWED DOWN BECAUSE I WAS APPROACHING MY TURN–OFF. THE AUTOMOBILE PROCEEDED CLOSER. I STOPPED MY CAR—UNAWARE OF A PROBLEM—AND ADVANCED TOWARD THIS VEHICLE. THE DRIVER OF THE CAR, DR. MARK PYLES, PULLED A GUN, POINTED IT DIRECTLY AT ME & CURSED. I IMMEDIATELY GOT BACK INTO MY CAR. WHILE THE DEFENDANT PASSED ME, I GOT HIS LICENSE NUMBER, ADJ5580.

After careful review, we conclude that the District Attorney could properly find the absence of cause to prosecute Dr. Pyles for .aggravated assault in violation of 18 Pa.C.S. § 2702(a)(1) or (4), simple assault in violation of 18 Pa.C.S. § 2701(a)(1) and recklessly endangering another person in violation of 18 Pa.C.S. § 2705. However, there was probable cause and also prima facie evidence to support a prosecution for simple assault under 18 Pa.C.S. § 2701(a)(3) and making a terroristic threat under 18 Pa.C.S. § 2706.

■ The Crimes Code, in pertinent part, defines the crimes of simple and aggravated assault as follows:

(a) **Offense defined.**—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; [or]

. . . .

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

18 Pa.C.S. § 2701(a)(1) and (3); and:

(a) **Offense defined.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; [or]

. . . .

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon. . . .

18 Pa.C.S. § 2702(a)(1) and (4).

In *Commonwealth v. Sanders*, 426 Pa.Super. 362, 627 A.2d 183 (1993), the Superior Court observed that "the mere act of pointing a gun at another person is not sufficient to support a conviction for aggravated assault. Something more is required in order to establish a specific intent to cause injury to the person at whom the gun is being pointed." *Id.* at 370, 627 A.2d at 187. However, the act of pointing a gun at another person "[can] constitute a simple assault as an 'attempt[ ] by physical menace to put another in fear of imminent serious bodily injury.'" *Commonwealth v. Savage*, 275 Pa.Super. 96, 103, 418 A.2d 629, 632 (1980), quoting 18 Pa.C.S. § 2701(a)(3).

■ In the instant case, there did not appear to be any evidence that Dr. Pyles attempted to cause bodily or serious bodily injury to appellant. Because there was no actual injury, a violation of sections 2701(a)(1), 2702(a)(1) and

2702(a)(4) required a specific intent to cause injury. See: *Commonwealth v. Everett*, 408 Pa.Super. 166, 169, 596 A.2d 244, 245 (1991); *In the Interest of J.L.*, 327 Pa.Super. 175, 177–178, 475 A.2d 156, 157 (1984). This intent may not be inferred from the mere act of pointing a gun at another person. *Commonwealth v. Sanders, supra; Commonwealth v. Savage, supra.*

It does appear, however, that the facts recited by appellant in his affidavit, if proved, would establish a prima facie case of simple assault in violation of 18 Pa.C.S. § 2701(a)(3).

■ The crime of recklessly endangering another person is defined by statute as follows:

> A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S. § 2705. To sustain a conviction under this statute, the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. *Commonwealth v. Trowbridge*, 261 Pa.Super. 109, 115, 395 A.2d 1337, 1340 (1978) (en banc). "Danger, and not merely the apprehension of danger, must be created." *Id.* Thus, in *Commonwealth v. Smith*, 292 Pa.Super. 443, 447–448, 437 A.2d 757, 759 (1981), the Superior Court held that, absent evidence a gun held by the defendant was loaded, there was insufficient evidence to sustain a conviction for recklessly endangering another person. It would appear, therefore, that in order to obtain a conviction for recklessly endangering another person, the Commonwealth must " 'prove actual present ability to inflict death or serious bodily harm by showing either that the gun was loaded or the surrounding circumstances were inherently dangerous.' " *Commonwealth v. Baker*, 287 Pa.Super. 39, 45, 429 A.2d 709, 711 (1981), quoting opinion of the trial court. See also: *Commonwealth v. Gouse*, 287 Pa.Super. 120, 124, 429 A.2d 1129, 1131 (1981) ("[T]he pointing of an unloaded weapon, without more, does not constitute recklessly endangering."). Compare: *Commonwealth v. Rivera*, 349 Pa.Super. 303, 306–307, 503 A.2d 11, 12–

13 (1985) (en banc) (evidence that gun was pointed at victims during a robbery was sufficient to support inference that the robbers had actual ability to inflict death or serious bodily injury even though Commonwealth failed to show by direct evidence that the gun was loaded).

Instantly, the facts recited by appellant do not include an averment that the gun was loaded. The affidavit does not otherwise establish that Dr. Pyles had the ability to inflict upon appellant death or serious bodily injury. The District Attorney, therefore, could conclude that there was no prima facie case that Dr. Pyles had recklessly endangered another person.

The Crimes Code defines the crime of making a terroristic threat in the following manner:

A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience.

18 Pa.C.S. § 2706. The Superior Court has observed:

"The purpose of [Section 2706] is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." 18 Pa.C.S. § 2706, Official Comment–1972. See: *Commonwealth v. Anneski*, 362 Pa.Super. 580, 585, 525 A.2d 373, 376 (1987); *Commonwealth v. Kidd*, 296 Pa.Super. 393, 397, 442 A.2d 826, 827 (1982). " 'The offense does not require that the accused intend to carry out the threat; it does require an intent to terrorize. The harm sought to be prevented is the psychological distress which follows from an invasion of another's sense of personal security.' " *Commonwealth v. Speller*, 311 Pa.Super. 569, 573, 458 A.2d 198, 200 (1983), quoting *Commonwealth v. Hardwick*, 299 Pa.Super. 362, 365–366, 445 A.2d 796, 797 (1982). Therefore, "[i]t is the making of the threat with

intent to terrorize that constitutes the crime." *Common-wealth v. Anneski, supra* at [362 Pa.Super.] 587, 525 A.2d at 376. See also: *Commonwealth v. White,* 232 Pa.Super. 176, 183–184, 335 A.2d 436, 439 (1975).

To obtain a conviction for making a terroristic threat, the Commonwealth must prove that: (1) the defendant made a threat to commit a crime of violence; and (2) such threat was communicated with the intent of terrorizing or with reckless disregard for the risk of causing terror. See: *Commonwealth v. Lumpkins,* 324 Pa.Super. 8, 12, 471 A.2d 96, 98 (1984); *Commonwealth v. Ferrer,* 283 Pa.Super. 21, 23, 423 A.2d 423, 424 (1980). It has been observed that " 'even a single verbal threat might be made in such terms or circumstances as to support the inference that the actor intended to terrorize or coerce.' " *Commonwealth v. Ash-ford,* 268 Pa.Super. 225, 229, 407 A.2d 1328, 1329 (1979), quoting Model Penal Code, § 211.3, Tent.Draft No. 11 at p. 9 (1960). See also: *Commonwealth v. Chance,* 312 Pa.Super. 435, 443, 458 A.2d 1371, 1375 (1983). Moreover, "it is unnecessary for [the defendant] to specifically articulate the crime of violence which he or she intends to commit where the type of crime may be inferred from the nature of the statement and the context and circumstances surrounding the utterance of the statement." *Commonwealth v. Hud-gens,* 400 Pa.Super. 79, 90, 582 A.2d 1352, 1358 (1990). *Commonwealth v. Campbell,* 425 Pa.Super. 514, 521–522, 625 A.2d 1215, 1218–1219 (1993).

Here, appellant's allegation that Dr. Pyles pointed a gun at him and told him to "get the fuck out of here" was sufficient to establish a prima facie case of making a terroristic threat. The words spoken, combined with the pointing of the gun, suggest a threat that appellant would have been shot if he did not leave as Dr. Pyles had commanded. Cf. *Commonwealth v. Wintz,* 1 D. & C.4th 299 (Bucks Co.1988) (defendant's act of pointing a shotgun at occupants of a passing vehicle supported conviction for making a terroristic threat, even absent any verbal threat; conduct designed to express threat was suffi-cient communication under 18 Pa.C.S. § 2706).

■ The trial court's refusal to approve a private prosecution was based also on policy reasons which the court deemed compelling. Thus, it said,

Although we are troubled by the fact that anyone should go unprosecuted for displaying a handgun in a menacing manner our review of the exercise of the District Attorney's prosecutorial discretion in this instance does not permit a finding of "gross abuse". The District Attorney could quite rightfully have concluded that the Defendant was justified by Appellant's conduct in protecting himself by his display of the weapon and would not have been able to achieve a conviction.

The District Attorney has an obligation to achieve justice and the responsibility to the public to prevent the misuse of judicial and prosecutorial personnel in the pursuit of futile convictions. His decision to disapprove this private complaint, although troubling to this Court must under the law be affirmed by virtue of the Appellant's failure to demonstrate a "gross abuse of discretion".

Trial Court Opinion at pp. 2–3.

The Superior Court, in *Commonwealth v. Eisemann*, 276 Pa.Super. 543, 419 A.2d 591 (1980), observed:

Whether to charge a person with a criminal offense depends upon the exercise of prosecutorial discretion. This discretionary power of the District Attorney in determining whether prosecution shall be commenced or maintained may well depend on matters of policy wholly separate and apart from the existence or nonexistence of probable cause. For this reason, the courts have been wary of interfering with or attempting to supervise the District Attorney in the exercise of his discretion in controlling criminal prosecutions. *United States v. Cox*, 342 F.2d 167, 171 (5th Cir.1965), *cert. denied*, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700. See also: A.B.A. Standards Relating to the Prosecution Function and the Defense Function § 3.4.

In *Piscanio Appeal*, 235 Pa.Super. 490, 494–96, 344 A.2d 658, 660–62 (1975), this Court said: "The power granted the

district attorney under Rule 133(B) to approve or disapprove private criminal complaints is consistent with the authority regularly exercised by that office in deciding whether to initiate or to discontinue prosecutions. . . . In addition, Rule 133(B) protects the interest of the private complainant by allowing for the submission of the disapproved complaint to a judge of a court of common pleas. The judge's independent review of the complaint checks and balances the district attorney's decision and further hedges against possibility of error. . . .

"... The [private] prosecutor ... even as a victim ... has no legitimate interest, other than as a member of the general public, in seeing a violator of the laws brought to justice by the Commonwealth and punished for his misdeeds. If a private prosecutor feels individually harmed his remedy is a civil suit for damages."

*Id.* 276 Pa.Super. at 545–546, 419 A.2d at 592–593.

In this case, the existence of probable cause to prosecute was diminished by the circumstances giving rise to Dr. Pyles' actions. Appellant's vehicle had been stopped on the highway directly in the path of the vehicle being driven by Dr. Pyles. An angry appellant, with arms flailing, had approached the Pyles vehicle and had asked, "What the hell is the problem?" Under these circumstances, the strong possibility of a finding of justification or self-defense may have suggested that prosecution would have been a waste of prosecutorial and judicial resources. Such a determination cannot be deemed a gross abuse of discretion.

The order of the trial court, therefore, will be affirmed.

Order affirmed.