644 A.2d 174

**COMMONWEALTH of Pennsylvania**

v.

**Horace BUTCHER, Appellant.**

Superior Court of Pennsylvania.

Argued March 31, 1994.

Filed June 13, 1994.

464

Warren E. Kamph, Asst. Public Defender, West Chester, for appellant.

Nicholas J. Casenta, Jr., Asst. Dist. Atty., West Chester, for the Com., appellee.

Before CAVANAUGH, WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

Horace E. Butcher was tried by jury and was found guilty of making a terroristic threat in violation of 18 Pa.C.S. § 2706.[1] Post-trial motions were denied, and Butcher was sentenced to serve a term of imprisonment for not less than one and one-half (1½) years nor more than five (5) years. On direct appeal from the judgment of sentence, Butcher contends that the evidence at trial was insufficient to sustain his

---

1. Butcher was also found guilty by the trial court of the summary offenses of disorderly conduct and harassment.

conviction for making a terroristic threat. After careful review, we affirm.

The factual scenario underlying appellant's conviction has been summarized in the post-trial opinion of the trial court in the following manner:

In the late evening hours of August 3, 1992, Leah Zaykowski had just finished her shift as an employee at the Guest Quarters Hotel in Wayne, Tredyffrin Township, Chester County, Pennsylvania. Her vehicle was parked in the employee parking lot. Ms. Zaykowski walked to her car, entered it and closed the door. Suddenly, the driver's side door was pulled open from the outside. Ms. Zaykowski then saw [appellant] standing between the car door and herself, she screamed and got out of the car. [Appellant] responded to Ms. Zaykowski's scream by saying, "Oh now, come on baby". [Appellant] then implored Ms. Zaykowski for a ride to Route 202. When Ms. Zaykowski refused, [appellant] then grabbed her left arm, pushed her up against the car and pressed his body up against hers and said, in a deep, forceful voice, "Don't make me get physical". At that point, another vehicle drove by which distracted [appellant] and Ms. Zaykowski was able to push him away from her, run back into the Hotel, and call the police.

In conducting appellate review of the sufficiency of the evidence, this Court will:

view the evidence in the light most favorable to the Commonwealth, which has won the verdict, and draw all reasonable inferences in its favor. We then determine whether the evidence is sufficient to permit a jury to determine that each and every element of the crimes charged has been established beyond a reasonable doubt. See: *Commonwealth v. Aulisio*, 514 Pa. 84, 91, 522 A.2d 1075, 1079 (1987). See also: *Commonwealth v. Smith*, 523 Pa. 577, 581, 568 A.2d 600, 602 (1989); *Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988), *cert. denied*, 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990). It is the function of the jury to pass upon the credibility of the witnesses and to determine the weight to be accorded the

evidence produced. The jury is free to believe all, part or none of the evidence introduced at trial. See: *Commonwealth v. Guest,* 500 Pa. 393, 396, 456 A.2d 1345, 1347 (1983). See also: *Commonwealth v. Rose,* 463 Pa. 264, 268, 344 A.2d 824, 826 (1975); *Commonwealth v. Verdekal,* 351 Pa.Super. 412, 419–420, 506 A.2d 415, 419 (1986). The facts and circumstances established by the Commonwealth "need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the jury unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.'" *Commonwealth v. Sullivan,* 472 Pa. 129, 150, 371 A.2d 468, 478 (1977), quoting *Commonwealth v. Libonati,* 346 Pa. 504, 508, 31 A.2d 95, 97 (1943). See also: *Commonwealth v. Kravitz,* 400 Pa. 198, 215, 161 A.2d 861, 869 (1960), *cert. denied,* 365 U.S. 846, 81 S.Ct. 807, 5 L.Ed.2d 811 (1961).

*Commonwealth v. Shoup,* 423 Pa.Super. 12, 16–17, 620 A.2d 15, 16–17 (1993).

Appellant argues that his statement to the victim, "Don't make me get physical," was too vague to constitute a terroristic threat. He further contends that the circumstances surrounding his conduct evidenced on his part a lack of deliberation and intent to cause the victim terror. Finally, appellant urges that this Court establish boundaries to prevent the criminalization of relatively trivial behavior under the purview of the terroristic threats statute. He suggests that we require proof of: (1) physical force; (2) the presence of weapons; (3) specific language; and (4) deliberation, before a conviction for making a terroristic threat can be sustained.

The crime of making a terroristic threat is defined by statute as follows:

### § 2706. Terroristic threats

A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise

to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience. 18 Pa.C.S. § 2706. In interpreting this section of the Crimes Code, the Superior Court has made the following observations: "The purpose of [Section 2706] is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." 18 Pa.C.S. § 2706, Official Comment—1972. See: *Commonwealth v. Anneski,* 362 Pa.Super. 580, 585, 525 A.2d 373, 376 (1987); *Commonwealth v. Kidd,* 296 Pa.Super. 393, 397, 442 A.2d 826, 827 (1982). " 'The offense does not require that the accused intend to carry out the threat; it does require an intent to terrorize. The harm sought to be prevented is the psychological distress which follows from an invasion of another's sense of personal security.' " *Commonwealth v. Speller,* 311 Pa.Super. 569, 573, 458 A.2d 198, 200 (1983), quoting *Commonwealth v. Hardwick,* 299 Pa.Super. 362, 365–366, 445 A.2d 796, 797 (1982). Therefore, "[i]t is the making of the threat with intent to terrorize that constitutes the crime." *Commonwealth v. Anneski, supra* [362 Pa.Super.] at 587, 525 A.2d at 376. See also: *Commonwealth v. White,* 232 Pa.Super. 176, 183–184, 335 A.2d 436, 439 (1975).

To obtain a conviction for making a terroristic threat, the Commonwealth must prove that: (1) the defendant made a threat to commit a crime of violence; and (2) such threat was communicated with the intent of terrorizing or with reckless disregard for the risk of causing terror. See: *Commonwealth v. Lumpkins,* 324 Pa.Super. 8, 12, 471 A.2d 96, 98 (1984); *Commonwealth v. Ferrer,* 283 Pa.Super. 21, 23, 423 A.2d 423, 424 (1980). It has been observed that " 'even a single verbal threat might be made in such terms or circumstances as to support the inference that the actor intended to terrorize or coerce.' " *Commonwealth v. Ashford,* 268 Pa.Super. 225, 229, 407 A.2d 1328, 1329 (1979), quoting Model Penal Code, § 211.3, Tent.Draft No. 11 at p. 9 (1960). See also: *Commonwealth v. Chance,* 312 Pa.Su-

per. 435, 443, 458 A.2d 1371, 1375 (1983). Moreover, "it is unnecessary for [the defendant] to specifically articulate the crime of violence which he or she intends to commit where the type of crime may be inferred from the nature of the statement and the context and circumstances surrounding the utterance of the statement." *Commonwealth v. Hudgens,* 400 Pa.Super. 79, 90, 582 A.2d 1352, 1358 (1990). *Commonwealth v. Campbell,* 425 Pa.Super. 514, 521–522, 625 A.2d 1215, 1218–1219 (1993). See also: *In re Maloney,* 431 Pa.Super. 321, 329–330, 636 A.2d 671, 675–676 (1994).

Although appellant did not identify any specific crime of violence as the object of his threat, when his words and conduct are viewed in context, appellant's statement to the victim, "Don't make me get physical," could reasonably be interpreted as a threat to assault the victim if she did not give appellant a ride as he had demanded. Appellant had approached a young woman, who was alone in a parking lot, late in the evening, opened her car door, and repeatedly demanded that she give him a ride. When the victim refused, appellant forcibly grabbed her arm, pushed his body up against hers, and told her not to make him get physical. Such menacing words and conduct on appellant's part, the jury could find, were intended to terrorize the victim and did, in fact, terrorize her. She testified that she was afraid that she "was going to be killed or raped." At the very least, appellant acted in reckless disregard of terrorizing his victim. His conduct, therefore, was within the statutory proscription against the making of terroristic threats.

We reject appellant's attempt to trivialize his conduct and also his invitation to rewrite the statute defining the crime of making a terroristic threat. Appellant's conduct was not merely offensive, or lacking in social grace. His aggressive and menacing conduct directed at the victim was such that she was placed in fear of being raped or injured by appellant. When viewed in the context in which appellant's conduct occurred, it cannot be said that the victim's fears were irrational or unfounded. Thus, contrary to appellant's suggestion, his conduct on the evening of August 3, 1992, was precisely the

type of conduct which 18 Pa.C.S. § 2706 was intended to criminalize. The verdict of the jury will not be disturbed.

The judgment of sentence is affirmed.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I respectfully dissent from the result reached by the majority because I do not believe the Commonwealth sustained its burden of presenting sufficient evidence to prove that appellant made terroristic threats. While the evidence does make out the commission of criminal activity by appellant, I would find that the provisions of 18 Pa.C.S.A. § 2706 have not been proven by the Commonwealth. *See, Commonwealth v. Anneski,* 362 Pa.Super. 580, 525 A.2d 373 (1987); *Commonwealth v. Sullivan,* 269 Pa.Super. 279, 409 A.2d 888 (1979). The Commonwealth did not prove that appellant intended to cause extreme fear by the use of violence or threats. For this reason, I would vacate the judgment of sentence.