## Commonwealth v. Wintz

*Kip Portman, assistant district attorney,* for the commonwealth.

*Christina King,* for defendant.

GARB, *P.J.,* December 29, 1988 — The question for disposition herein is whether the crime of terroristic threats was committed under the circumstances of this case absent any written or oral utterances by defendant. We decide that question in the affirmative.

Defendant was convicted of terroristic threats in a trial without a jury. He has filed post-verdict motions as in the nature of a motion in arrest of judgment asserting that the facts are insufficient to support the conviction.

A detailed recitation of the facts is unnecessary. Simply stated, the victims in this case were traveling in a motor vehicle on a four-lane highway within the county. While in the course of that journey a vehicle passed them to the left at a high rate of speed. One of the victims, the operator of the vehicle being passed, motioned to the passing vehicle to slow down. With that, defendant, who was seated in the left front passenger seat of the passing vehicle pointed a single-barrel shotgun at each of the victims by placing it on the doorsill next to him with the window rolled down. We conclude that this conduct constitutes the crime of terroristic threats in this case.

The crime of terroristic threats is committed as follows:

"A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another person or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless

disregard of the risk of causing such terror or inconvenience." The Act of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §2706.

It is the contention of defendant that without some spoken words of a threatening nature the crime was not committed.

The elements of the offense of terroristic threats are; (1) a threat to commit a crime of violence and; (2) communication of such threat with intent to terrorize or with reckless disregard of the risk of causing such terror. *Commonwealth v. Lumpkins,* 324 Pa. Super. 8, 471 A.2d 96 (1984). We have no difficulty in finding that the conduct involved constituted a threat to commit a crime of violence if there was adequate communication thereof. It certainly is not necessary to make an explicit or overt assertion of the nature of the crime threatened if all of the surrounding circumstances clearly demonstrate a threat to commit a crime of some violence as in the nature of murder or assault. See *Commonwealth v. Ferrer,* 283 Pa. Super. 21, 423 A.2d 423 (1980). The harm sought to be prevented is the psychological distress which follows from an invasion of another's sense of personal security. *Commonwealth v. Speller,* 311 Pa. Super. 569, 458 A.2d 198 (1983) and *Commonwealth v. Sullivan,* 269 Pa. Super. 279, 409 A.2d 888 (1979).

We are satisfied that defendant's actions constitute a sufficient articulation to satisfy the requirement of a threat to commit a crime of violence. We find no case directly on point in Pennsylvania. However, we do find some guidance in *Commonwealth v. White,* 232 Pa. Super. 176, 335 A.2d 436 (1975). In that case defendant was convicted, inter alia, of terroristic threats. Therein defendant took an eight-year-old girl who was playing outside of her home after having placed his hand over her mouth

and shined a flashlight into her face into the back of an abandoned house. Once inside he told her "he was going to grab her." He then held her against a wall by her shoulders and proceeded to pull her skirt up approximately six inches when she saw a neighbor and screamed. In affirming the conviction of Superior Court held that the totality of defendant's conduct in carrying the young girl into an abondoned house, holding her by her shoulders and telling her he was going to grab her and raising her skirt constituted a threat to commit the crime of rape. It was held that the trial court properly determined that defendant's intent to terrorize was proved beyond a reasonable doubt in view of his actions toward the complainant.

By analogy robbery may be committed, inter alia, if a person, while in the course of committing a theft "threatens another with or intentionally puts him in fear of immediate serious bodily injury." See the Act of June 24, 1976, P.L. 425, 18 Pa.C.S. §3701(a)(1)(ii). In *Commonwealth v. Hurd,* 268 Pa. Super. 24, 407 A.2d 418 (1979) the Superior Court held that to sustain a conviction under this section of the robbery statute, the commonwealth need not prove a verbal utterance but may show aggressive actions that threaten serious bodily injury. See also *Commonwealth v. Scott,* 246 Pa. Super. 58, 359 A.2d 809 (1977), citing *Commonwealth v. Farmer,* 241 Pa. Super. 373, 361 A.2d 701 (1976).

We believe that the term "threat" as used in this statute connotes and contemplates some communication. Communications take many forms including speech as we understand it. However, as is understood in many contexts, speech is clearly not the only form of communication. Just by way of example, the First Amendment to the U.S. Constitution shields not only verbal and written messages, purely

communicative, but also conduct designed to express and convey ideas. *New Orleans S.S. Association v. General Longshore Workers,* 626 F.2d 455, affirmed 102 S.Ct. 2672, 457 U.S. 702, 73 L.Ed. 2d 327 (1982). So here we believe that the message conveyed by the pointing of the shotgun through the window of the vehicle in which defendant was riding at the victims fully constituted a communicated threat to commit a crime of violence.

This being a motion in arrest of judgment, we view the evidence in the light most favorable to the commonwealth and find that evidence, together with all the reasonable inferences drawn from it, sufficient to enable the trier of facts to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Lovette,* 498 Pa. 665, 450 A.2d 975 (1982).

In view of the foregoing we deny defendant's motion.

### ORDER

And now, December 29, 1988, it is hereby ordered that defendant's motion in arrest of judgment is denied, dismissed and overruled and defendant directed to appear at 10 a.m. in courtroom 2 in the courthouse, Doylestown, Pa. on January 18, 1989, for the purpose of imposition of sentence.