BECKER, Circuit Judge,
concurring in part and dissenting in part.
I join the majority’s decision to reverse and remand on the malicious prosecution issue. However, I part company with the majority on its finding that Knorr had probable cause to arrest Johnson for making terroristic threats. I would reverse on this issue as well, and remand for further proceedings.
*556 The crime of making terroristic threats, under 18 Pa. Cons.Stat. § 2706(a)(1), is exactly what it sounds like: it requires threatening violence with the intent to cause terror, and “was not designed to penalize spur-of-the-moment threats that arise out of anger in the course of a dispute.” Commonwealth v. Tizer, 454 Pa.Super. 1, 684 A.2d 597, 600 (1996). Even if Johnson’s rather opaque comment that Knorr “better call some other people out of the back or something” could be considered a threat, it certainly was not a terroristic threat. Numerous Pennsylvania cases make it clear that threats made during “a heated verbal exchange or a heated confrontation,” In re J.H., 797 A.2d 260, 263 (Pa.Super.Ct.2002), or “an exchange of threats made during a heated, perhaps hysterical, argument,” Commonwealth v. Anneski, 362 Pa.Super. 580, 525 A.2d 373, 376 (Pa.Super.Ct.1987), do not constitute the offense of making terroristic threats. See also Commonwealth v. Reynolds, 835 A.2d 720, 730 (Pa.Super.Ct.2003); Commonwealth v. Kidd, 296 Pa.Super. 393, 442 A.2d 826 (1982).
Although the majority acknowledges this precedent and, in my view, implicitly concedes that Johnson did not make terroristic threats under the Pennsylvania jurisprudence, it attempts to shift the playing ground by noting that the issue here is only one of probable cause, and that “we cannot demand that probation officers make such nuanced legal determinations on the fly.” Ante at 553-54. But, given the clarity of the law, no reasonable parole officer should have difficulty in distinguishing a heated argument from a calculated terroristic threat. Probable cause requires facts “sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.” Brinegar v. United States, 338 U.S. 160, 175-176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) (citations and internal quotation marks omitted). I simply cannot see how a reasonable man could believe that Johnson had committed the offense of terroristic threats based on his conduct in the parole office.
Noting that “context matters,” the majority decides that the charged atmosphere of the probation office “weighs in favor of finding that Knorr had probable cause to arrest Johnson for making terroristic threats.” Ante at 553-54. I respectfully disagree. In fact, the Pennsylvania cases suggest that the opposite is the case: the heated confrontation and mutual exchange of obscenities, in the context of the need to aid the stricken epileptic, should have made it even clearer to Knorr that Johnson’s alleged threat was not a violation of section 2706. See, e.g., In re J.H., 797 A.2d at 263 (“[A] Court must consider the totality of circumstances to determine whether the threat was a result of a heated verbal exchange or confrontation.”). Context does indeed matter, but the context of Johnson and Knorr’s dispute is the best reason for finding that Knorr lacked probable cause to arrest Johnson.[2]
*557 For the above reasons, I respectfully dissent from the majority’s decision affirming the grant of summary judgment on the false arrest claim.

. The majority correctly notes that, under Barna v. City of Perth Amboy, 42 F.3d 809 (3d Cir.1994), probable cause to arrest a person for any crime insulates the arresting officer from all unconstitutional arrest claims. Although not raised in the District Court, and not briefed here, I note the probability that Knorr might have had probable cause to arrest Johnson for, among other things, a violation of his probation. See 37 Pa.Code § 63.4(5)(iii) (2004) (requiring parolees to "[rjefrain from assaultive behavior”); Moore v. Pa. Bd. of Probation & Parole, 95 Pa. Cmwlth. 531, 505 A.2d 1366, 1367 & n. 4 (1986) (defining "assaultive behavior” to include “a willful offer with force or violence to do hurt to another”). If this was the case, then summary judgment in favor of Knorr would be appropriate under Bama, even *557 though Johnson was not actually arrested for probation violation.