J-S04028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KERIUM GARRICK | |
| Appellant | No. 852 EDA 2016 |

Appeal from the Judgment of Sentence February 12, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005346-2013

BEFORE:  SHOGAN, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED MARCH 28, 2017**

Kerium Garrick appeals from the judgment of sentence imposed on February 12, 2016, in the Philadelphia County Court of Common Pleas.  The trial court sentenced Garrick to a term of five years' probation after finding him guilty of one count of terroristic threats.[1]  On appeal, Garrick argues the trial court improperly admitted hearsay testimony at trial, and the evidence was insufficient to support his conviction.  For the reasons below, we affirm.

The facts presented during Garrick's non-jury trial are summarized by the court as follows:

> At trial, Detective Michael O'Neill testified that between May 31, 2012 and June 1, 2012, he was assigned to investigate

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S. § 2706.

a complaint of aggravated assault. The complaining witness, Oris Jeffers, told the detective that he went to check on his property on North Woodstock Street. Officer O'Neill further testified that Mr. Jeffers stated that he wanted to check on his tenant, Rhonda Pollick. When Mr. Jeffers was at the property, a male, later identified as … Garrick, pulled up in a car, said something about not going into the house, then pulled a gun out and shot the gun in the air. Officer O'Neill subsequently went to the property with a SWAT team, and executed a search warrant he had prepared after his interview with Mr. Jeffers, seeking a handgun and any person who fit the description of the person who had shot the gun. Upon entering the residence, the police discovered [Garrick] inside. Mr. Jeffers came to the property immediately thereafter, and he identified [Garrick] as the person who had fired the gun. Officer O'Neill further testified that, as [Garrick] was arrested and led away, he passed by Mr. Jeffers and said "Snitch" and "I'll see you on the street later". The officer testified that [Garrick] made this statement "[i]n an intimidating manner" and was threatening the complainant in the officer's presence.

Trial Court Opinion, 5/16/2015, at 1-2 (record citations omitted).

Garrick was subsequently charged with various crimes, including aggravated assault and carrying a firearm without a license, for the May 31, 2012, incident involving Jeffers,[2] and terroristic threats for his comments directed to Jeffers during his June 1, 2012, arrest. The case was consolidated for trial with two prior cases. **See** Docket No. 2178-2011 (2007 arrest for driving under the influence of a controlled substance);[3] Docket No. 2046-2011 (2008 arrest for tampering with public records,

_____

[2] **See** 18 Pa.C.S. §§ 2702 and 6106, respectively.

[3] **See** 75 Pa.C.S. § 3802(a)(1) ("DUI").

- 2 -

unsworn falsification to authorities, and providing false information for firearm ownership).[4]

Over the next two years, Garrick was deemed incompetent to stand trial and subjected to more than 10 mental health commitment orders. **See** Criminal Docket Sheet, 7/31/2013–1/22/2015. During that period, he was represented by several different attorneys, and filed numerous *pro se* motions. On March 26, 2015, Garrick was found competent to stand trial, and present counsel was appointed on June 1, 2015.

On January 27, 2016, counsel filed an omnibus pretrial motion seeking, *inter alia*, dismissal of the charges based on a violation of the speedy trial rule, Pa.R.Crim.P. 600.[5] All three cases proceeded to trial on February 12, 2016.[6] With regard to the present case, the prosecutor stated she was proceeding only on the charge of terroristic threats.[7] **See id.** at 62.

_____

[4] **See** 18 Pa.C.S. §§ 4911(a)(1), 4904(a)(1), and 6111(G)(4), respectively.

[5] Although not included in the certified record, it is evident from the notes of testimony at trial that Garrick sought to dismiss the charges at all three dockets based upon a violation of Rule 600.

[6] The trial court granted Garrick's motion to dismiss the charges at Docket No. 2046-2011 due to pre-arrest delay. With regard to the DUI charge at Docket No. 2178-2011, the trial court denied Garrick's motion to dismiss, but ultimately found him not guilty of the offense charged. **See** N.T., 2/12/2016, at 12, 34.

[7] The Commonwealth withdrew the assault and firearm charges presumably because the victim of the assault, Jeffers, did not testify at trial.

The court then denied Garrick's motion to dismiss based upon Rule 600, and the Commonwealth proceeded to present its case, which consisted only of the testimony of Detective O'Neill. The defense presented no witnesses. Thereafter, the trial court found Garrick guilty of terroristic threats. ***See id.*** at 87. The case proceeded immediately to sentencing, at which time the trial court imposed a term of five years' probation.

On February 17, 2016, Garrick filed two *pro se* motions seeking reconsideration/modification of his sentence. He then filed a *pro se* notice of appeal the next day. Counsel filed a timely notice of appeal on March 11, 2016.[8]

In his first issue,[9] Garrick argues the trial court erred when it "admitted and fundamentally relied upon inadmissible hearsay evidence in resolving the charge of terroristic threats." Garrick's Brief at 24. Specifically, Garrick asserts the court erred when it permitted Detective O'Neill to testify regarding the statements Jeffers made to him, which precipitated the search warrant and Garrick's arrest.

Our review of an evidentiary claim is well-established:

---

[8] On March 15, 2016, the trial court ordered Garrick to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Garrick complied with the court's directive, and filed a concise statement on March 28, 2016.

[9] We have reordered Garrick's issues for ease of disposition.

> "The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." *Commonwealth v. Reid*, 627 Pa. 151, 99 A.3d 470, 493 (2014). An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. *Commonwealth v. Davido*, ___ Pa. ___, 106 A.3d 611, 645 (2014).

*Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015), *cert. denied*, 137 S. Ct. 92 (U.S. 2016).

Hearsay is defined in the Pennsylvania Rules of Evidence as a "statement that (1) the declarant does not make while testifying at the current trial …; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801. "Hearsay testimony is *per se* inadmissible in this Commonwealth, except as provided in the Pennsylvania Rules of Evidence, by other rules prescribed by the Pennsylvania Supreme Court, or by statute." *Commonwealth v. Dent*, 837 A.2d 571, 577 (Pa. Super. 2003) (quotation omitted), *appeal denied*, 863 A2d 1143 (Pa. 2004). *See* Pa.R.E. 802-804. Nevertheless, an out of court statement offered for some other purpose, such as to explain a course of conduct[10] or to "establish ill-will or motive," is not hearsay. *Commonwealth v. Puksar*, 740 A.2d 219, 225 (Pa. 1999), *cert. denied*, 531 U.S. 829 (2000).

---

[10] *See Dent*, *supra*, 837 A.2d at 577.

- 5 -

Preliminarily, we note the trial court did not discuss the admissibility of Jeffers' statements to Detective O'Neill in its opinion. Rather, the court interpreted the issue on appeal as challenging the admission of Detective O'Neill's testimony regarding Garrick's threatening statements at the time of his arrest. **See** Trial Court Opinion, 5/16/2016, at 4. For this reason, the Commonwealth argues Garrick's claim is waived because the issue identified in his concise statement was vague and misled the trial court.[11] **See** Commonwealth's Brief at 10-11.

While we agree the issue raised in Garrick's concise statement is somewhat muddled, we note the only testimony Garrick objected to as hearsay was Detective O'Neill's recitation of the statements Jeffers made to him regarding Garrick's shooting of a gun earlier that night. **See** N.T. 2/12/2016, at 72-74. Accordingly, we decline to find this issue waived.

Nevertheless, we conclude Garrick is entitled to no relief because Detective O'Neill's testimony was not offered to prove the truth of the matter asserted. Whether or not Garrick had actually fired a gun in Jeffers'

_____

[11] Garrick identified this claim in his concise statement as follows:

> [T]he conviction for terroristic threats was based upon hearsay evidence and the admissible non-hearsay evidence is not sufficient to establish that defendant communicated, either directly or indirectly, to the complainant a threat to commit any crime of violence with intent to terrorize the complainant.

Statement Pursuant to Pa.R.A.P. 1925(b) of Matters Complained of on Appeal, 3/28/2016, at 2.

direction was irrelevant to the charge of terroristic threats. Rather, the charge was based upon Garrick's statements during his arrest for the earlier incident, when he looked in Jeffers' direction and, in an intimidating manner, said "snitch" and "I'll see you on the street later." N.T., 2/12/2016, at 78.

We find Detective O'Neill's testimony concerning Jeffers' original complaint was admissible to explain the detective's course of conduct, and to establish Garrick's motive to threaten Jefffers. **See Dent**, **supra**; **Puksar**, **supra**. The execution of the search warrant and the arrest of Garrick was based upon Jeffers' original complaint. Moreover, that original complaint, whether or not it was true, helped explain Garrick's motive for making a threatening statement to Jeffers. Accordingly, no relief is warranted.[12]

Next, Garrick challenges the sufficiency of the evidence supporting his conviction. He maintains "the record is devoid of any evidence whatsoever that Mr. Jeffers[, the target of the threats,] could hear the comments made by [] Garrick as police arrested him and began his transportation to a police district." Garrick's Brief at 22. Rather, he claims the purported threat was more "the spontaneous grumblings of an upset person, wholly unable to act upon the vague statements." **Id.** at 23.

_____

[12] We note this Court may affirm a ruling of the trial court on any basis. **See Commonwealth v. Williams**, 73 A.3d 609, 617 n.4 (Pa. Super. 2013), _appeal denied_, 87 A.3d 320 (Pa. 2014).

Our standard of review when considering a challenge to the sufficiency of the evidence is well-settled:

> The standard we apply … is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Beasley*, 138 A.3d 39, 45 (Pa. Super. 2016) (citations omitted), *appeal denied*, ___ A.3d ___, 2016 WL 6879621 (Pa. Nov. 22, 2016).

"A person commits the crime of terroristic threats if [he] communicates, either directly or indirectly, a threat to … commit any crime of violence with intent to terrorize another[.]" 18 Pa.C.S. § 2706(1)(1). "Terroristic threats do not have to be communicated directly" and "a defendant does not need to intend to carry out the consequence of the threat to communicate a threat." *Beasley*, *supra*, 138 A.3d at 47 (citations omitted). *See also In re L.A.*, 853 A.2d 388, 392 (Pa. Super. 2004) ("A

direct communication between the defendant and the victim is not required to establish the crime of terroristic threats"). Furthermore, while we recognize the crime "is not meant to penalize mere spur-of-the-moment threats which result from anger[,]" the fact that the defendant may have been angry does not "render [him] incapable of forming the intent to terrorize." *Commonwealth v. Reynolds*, 835 A.2d 720, 730 (Pa. Super. 2003) (quotations omitted).

In the present case, the trial court addressed Garrick's sufficiency claim as follows:

> Here, Officer O'Neill testified, and memoralized in his report, that he heard [Garrick] call Mr. Jeffers a "snitch" and that he would see Mr. Jeffers "on the street later", and that [Garrick's] statement was made in "an intimidating manner." These statements were made while [Garrick] was being arrested for shooting a gun in the air in front of Mr. Jeffers, and telling Mr. Jeffers not to enter the house. They were also made in Mr. Jeffers' direction, evidencing [Garrick's] intent to cause terror to Mr. Jeffers. Under the totality of the circumstances, and viewed in the light most favorable to the Commonwealth, it can be concluded that the evidence was sufficient to convict [Garrick] of terroristic threats.

Trial Court Opinion, 5/16/2016, at 3.

We find no reason to disagree. Under the totality of the circumstances, the evidence presented was sufficient to prove Garrick threatened Jeffers with the intent to terrorize him. The threat was made while Detective O'Neill was leading Garrick to his police car in handcuffs, immediately after Jeffers identified Garrick as the perpetrator of an earlier crime. *See* N.T, 2/12/2016, at 76-78. Detective O'Neill testified that

Garrick, "looked in [Jeffers'] direction and said snitch … [a]nd [then] he said I'll see you on the street later." *Id.* at 78. Further, he detective explained Garrick's threat was made "[i]n an intimidating manner." *Id.*

Garrick contends, however, that there was no testimony Jeffers actually heard the threat. As noted above, the statute does not require that a threat be made directly to the victim. *See In Re L.A.*, *supra*. In any event, under the totality of the circumstances – *i.e.*, that the threat was made immediately after Jeffers identified Garrick as the perpetrator of an earlier crime, and as Garrick was looking at Jeffers who was standing nearby – the trial court, as fact finder, could conclude that the threat was communicated to Jeffers.

Moreover, Garrick's claim that the facts herein are analogous to those presented in *Commonwealth v. Anneski*, 525 A.2d 373 (Pa. Super. 1987), *appeal denied*, 532 A.2d 19 (Pa. 1987), is similarly unavailaing. In *Anneski*, the defendant was involved in a heated argument with a neighbor when she stated that if the neighbor tried to run over her kids again, she would "bring a gun and use it." *Id.* at 374. On appeal, the panel found the evidence was **sufficient** to support a conviction of terroristic threats, but ultimately concluded the jury's finding was "contrary to the weight of the evidence," and ordered a new trial. *Id.* at 375. The panel explained:

> The surrounding circumstances in the instant case, although not absolutely precluding a finding that [the defendant] intended to terrorize, suggest by their overwhelming weight that [the defendant] lacked a settled purpose to terrorize [the victim]. Instead, her statement that she would get a gun and use it was

- 10 -

a spur-of-the-moment threat resulting from transitory anger prompted by [the victim's] threat to hit the [defendant's] children again with her car if they obstructed her vehicle's passage. Such a response, even if not dignified or noble, was not the type of conduct made criminal by 18 Pa.C.S. § 2706.

***Id.*** at 376.

Garrick argues the facts in the present case are similar, and that his purported threat was "closer to a fleeting, spur of the moment statement made without the opportunity to form a settled intent to terrorize a person." Garrick's Brief at 23. We disagree. Unlike in ***Anneski***, here, Garrick and the victim were not involved in a heated argument during which both threatened violence. Moreover, as noted above, the ***Anneski*** panel found the evidence was sufficient to support the conviction, but determined a new trial was warranted because the conviction was against the weight of the evidence. Garrick has not raised a weight of the evidence claim on appeal. Accordingly, we find no relief is warranted.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017

- 11 -