J-S27027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.A.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.A.R., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 278 MDA 2023 |

Appeal from the Dispositional Order Entered January 19, 2023
In the Court of Common Pleas of Fulton County Juvenile Division at
No(s):  CP-29-JV-0000011-2022

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:            **FILED: SEPTEMBER 12, 2023**

S.A.R. appeals from the dispositional order entered following his delinquency adjudication for terroristic threats.  We affirm.

We set forth the relevant facts from the juvenile court's opinion:

> On November 10, 2022, an adjudicatory hearing was held, after which [S.A.R.] was found involved in making terroristic threats and disorderly conduct.  At the adjudicatory hearing, [S.A.R.]'s classmate, J.H., testified that . . . [S.A.R.] was sitting behind her in first period.  During this class, at approximately 8:30 a.m., [S.A.R.] had a conversation with J.H. in which he described being mad at the victim, R.R., because he thought that she circulated a video of him around school [engaged in a fight].  J.H. further testified that [S.A.R.] stated "he wanted to shoot that bitch."  Later that day, at about one or two p.m., J.H. told R.R. that [S.A.R.] said these statements.
>
> R.R. testified that J.H. told her that [S.A.R.] was going to shoot her.  R.R. testified that it made her scared and that she went to the restroom to call her mother.  After talking with her mother, R.R. went to the school office.  R.R. further testified that she did not know that she had done something to upset [S.A.R.]

On cross-examination, R.R. testified that she had class earlier that day with [S.A.R.]

At the conclusion of the hearing, [S.A.R.] was found involved in terroristic threats and disorderly conduct towards R.R. An adjudication/disposition hearing was held on January 19, 2023, and [S.A.R.] was adjudicated delinquent. [S.A.R.] was found in need of treatment, supervision, and rehabilitation, and a dispositional order was entered on the same date.

Juvenile Court Opinion, 3/28/23, 1-2 (cleaned up).

This timely appeal followed. Both S.A.R. and the juvenile court complied with Pa.R.A.P. 1925. S.A.R. presents two inter-related issues for our review:

I. Whether the evidence was sufficient to prove that [he] made a threat to commit a crime of violence, in violation of 18 Pa.C.S. § 2706, when he stated to a third person that "he wanted to shoot that bitch"?

II. Whether the evidence was sufficient to prove that the alleged threat was communicated with the intent to terrorize another in violation of 18 Pa.C.S. § 2706?

S.A.R.'s brief at 3 (cleaned up).

Both of S.A.R.'s issues challenge whether the Commonwealth sufficiently proved that his conduct satisfied all the elements of the crime of terroristic threats. We consider these claims in light of the following principles:

When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all

- 2 -

reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

Further, because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary.

**Interest of E.L.W.**, 273 A.3d 1202, 1205 (Pa.Super. 2022) (cleaned up).

Terroristic threats is defined in the Crimes Code as follows:

A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

>    (1) commit any crime of violence with intent to terrorize another;

>    (2) cause evacuation of a building, place of assembly or facility of public transportation; or

>    (3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience.

18 Pa.C.S. § 2706(a).

Our Court has noted that "the purpose of the terroristic threats statute is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." **E.L.W.**, *supra* at 1206 (citation omitted). However, "neither the

ability to carry out the threat nor a belief by the person threatened that it will be carried out is an essential element of the crime." *Id*. (citation omitted).

Additionally, we have observed that direct proof of intent is difficult, as it concerns a subjective frame of mind. *See Commonwealth v. Miller*, 172 A.3d 632, 641 (Pa.Super. 2017) (citation omitted). It can be proven by circumstantial evidence, meaning that it may be inferred from acts or conduct or from the attendant circumstances. *See id*. Finally, we have held that "even a single verbal threat might be made in such terms or circumstances as to support the inference that the actor intended to terrorize or coerce." *In re B.R.*, 732 A.2d 633, 636 (Pa.Super. 1999) (citation omitted).

With this background in mind, we now turn to the arguments of the parties. Since S.A.R. was adjudicated delinquent under § 2706(a)(1), we are tasked with determining whether the Commonwealth proved that he communicated a threat to commit any crime of violence with intent to terrorize another. S.A.R. challenges both the proof of his communication of a threat and his intent to terrorize. He first argues that "[t]here was no testimony that [he] told J.H. that he was actually going to shoot R.R. or that he wished for J.H. to communicate a threat to R.R." S.A.R.'s brief at 5. He contends that at most, the statement "I want to shoot that bitch" was made in the spur of the moment or was the product of a heated exchange between the parties that did not trigger a foreseeable future danger, and thus is not to be criminalized pursuant to the terroristic threats statute. *Id*. at 5-6 (citing *B.R.*, *supra*). He maintains that the fact that J.H. felt no need to report the

statement to any authority figure supports the notion that there was no actual danger. *Id*. at 6.

S.A.R. further argues that the evidence was insufficient to prove that the threat was communicated with the intent to terrorize. *Id*. at 6-7. He reiterates that he "made a spur of the moment comment in speaking with J.H. about a video, but at no time did he say he was going to carry out this act or that he wished for J.H. to communicate this statement to R.R." *Id*. at 6. He also reasserts that J.H.'s failure to alert any responsible adults belies a finding that the statement "intended to place anyone in a state of fear that agitates body and mind." *Id*. at 7.

In its opinion, the juvenile court thoroughly and cogently addressed S.A.R.'s arguments. Concerning the threat to commit a crime of violence, the court identified that the statute does not require direct communication, and that a threat could be made through a third person. *See* Juvenile Court Opinion, 3/28/23, at 4-5 (citing *In re L.A.*, 853 A.2d 388, 391 (Pa.Super. 2004)). The court also stated that the Commonwealth proved, through the testimony of J.H., that S.A.R. communicated his desire to shoot R.R. in revenge. *Id*. at 5. It noted that S.A.R. specifically used the victim's first name before making the threat and that the victim was the only student at the school with that first name. *Id*. Thus, there was no question that the threat targeted R.R.

As to whether the threat was made with intent to terrorize, the court acknowledged that "spur of the moment or provoked anger is not sufficient to

prove intent to terrorize." *Id*. at 5 (citing ***Commonwealth v. Anneski***, 525 A.2d 373, 376 (Pa.Super. 1987)). Nonetheless, it concluded that the circumstances here showed that this was not a case of impulsive or incited anger, as the statement was made during the middle of class, and the evidence did not suggest that S.A.R. was in an agitated state when the statements were made. *Id*. at 7. The court also found that other factors demonstrated that the threat was made with intent to terrorize, including the following: (1) the remark was made in a classroom setting; (2) the school the juveniles attended was small in size; (3) S.A.R. was aware that J.H. and R.R. were friends, and accordingly J.H. would likely communicate the threat to R.R.; (4) R.R. was scared after she learned of the statement; and (5) the invasion of R.R.'s personal safety immediately prompted her to go to the restroom to call her mother. *Id*. at 7. As such, the court held that the Commonwealth proved all elements required for terroristic threats beyond a reasonable doubt.

Upon review, we agree with the juvenile court's determination that the evidence sufficiently supported S.A.R.'s conviction. Viewing the facts in the light most favorable to the Commonwealth as the prevailing party, S.A.R.'s communication to J.H. that he wanted to shoot R.R. constituted an indirect threat to commit a crime of violence against her. The court could reasonably infer that because J.H. and R.R. were friends, and based on the small size of the school, S.A.R. intended for his statement to make its way to R.R.

Additionally, the attendant circumstances surrounding the threat upholds our conclusion that it was made with the intent to terrorize R.R. *See Miller*, *supra* at 641. We note that S.A.R.'s statement that he wanted to shoot R.R. was unconditional, unambiguous, and appeared to be motivated by revenge. There is no evidence in the record supporting a notion that it was made in jest. Further, R.R. had reason to believe that S.A.R. had a propensity to engage in violence because S.A.R.'s purported impetus for the threat was his belief that R.R. had reported him for engaging in a fight against someone else. *See* N.T., 11/10/22, at 6. Finally, upon learning of the threat, R.R. immediately reacted with fear. She "got up and went and asked to go to the office, because [she] was scared." *Id*. at 13. She then called her mother from the restroom and immediately proceeded to the school's office thereafter. *Id*. Under the circumstances, S.A.R.'s threat "seriously impair[ed]" R.R.'s "personal security" and is the exact type of statement the terroristic threats statute is intended to penalize. *E.L.W.*, *supra* at 1206. We are unpersuaded by S.A.R.'s argument that the failure of J.H. to report the threat to a teacher negated an intent to terrorize, as the victim here was R.R., not J.H. [1]

_____

[1] We are cognizant that the First Amendment of the United States Constitution may support a challenge to a terroristic threats adjudication or conviction apart from an analysis of evidentiary sufficiency. *See*, *e.g.*, *Interest of J.J.M.*, 265 A.3d 246, 270-71 (Pa. 2021) (analyzing whether statements made by a student constituted "true threats," which are not entitled to First Amendment protection, after declining to grant allocatur on the question of
*(Footnote Continued Next Page)*

Finally, having determined that there was sufficient evidence to support the convictions, we reject S.A.R.'s argument that the threat was made in the spur of the moment such that it was removed from the purview § 2706(a). Although he generally asserts this proposition of law, he does not direct us to any portion of the record allowing a finding that the threat was made in the context of some heated argument or extreme provocation. ***See***, ***e.g.***, ***Anneski***, ***supra*** at 376 (finding a defendant lacked a settled purpose to terrorize a neighbor when she made a threat to shoot the neighbor "during a heated, perhaps hysterical, argument between neighbors"). Similarly, he offers no legal authority to support a ruling that his threat is comparable to other heat-of-the-moment threats that have been deemed insufficient as a matter of law, nor do we find any such authority.

_____

evidentiary sufficiency); ***Commonwealth v. Knox***, 190 A.3d 1146, 1152 (Pa. 2018) (explaining that the Court had denied Knox's petition for discretionary review of his challenge to the sufficiency of the evidence to sustain his terroristic threats convictions, but granted review on the issue of whether the statements at issue were "protected free speech or a true threat punishable by criminal sanction"). However, unlike the appellants in ***Knox*** and ***J.J.M.***, S.A.R. contests only evidentiary sufficiency and does not pose a First Amendment challenge to his adjudication. Consequently, we do not have cause or authority to conduct a free-speech-versus-true-threats analysis in this appeal. ***See***, ***e.g.***, ***Knox, supra*** at 1152 n.5 ("Constitutional claims are subject to waiver regardless of their importance."); ***In re Adoption of K.M.G.***, 219 A.3d 662, 668 (Pa.Super. 2019) (*en banc*) ("[T]he Superior Court cannot address constitutional issues *sua sponte*."). Nonetheless, we observe that, in ascertaining the sufficiency of the evidence to establish that S.A.R. communicated a threat with the intent to terrorize, we have considered the contextual circumstances of S.A.R.'s communication that would have pertained to a true threat inquiry. ***See Knox, supra*** at 1153, 1159 (iterating contextual factors for identifying a true threat and observing that this constitutional analysis relates to the proof of the speaker's intent).

On the contrary, the record shows that the conversation took place amid class but not while the teacher was actively instructing students. *See* N.T., 11/10/22, at 5-6. J.H. indicated that the discussion spanned a period of time, as S.A.R. would "just sit there and talk" and that J.H. would only respond sometimes. *Id*. at 8-9. Based on these circumstances, S.A.R. has not convinced us that his threat to shoot R.R. arose from significant provocation such that the threat fell outside the ambit of § 2706(a).

In sum, we agree with the juvenile court's conclusion that the Commonwealth met its burden of proving every element of terroristic threats beyond a reasonable doubt. Therefore, we affirm.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2023